### SWEENY v. MAYOR, ETC., OF CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.*   February 18, 1892.)

1. DEFECTIVE STREETS—PERSONAL INJURIES—EVIDENCE.

In an action for personal injuries occasioned by a defective sidewalk a verdict for defendant cannot be disturbed where the only evidence as to the defect is that of plaintiff, who states that while walking in the dark he fell and became insensible, without knowing the cause, and that he examined the walk 10 days later, and found the flag-stones broken.

2. SAME—SUBSEQUENT REPAIRS.

It was proper to exclude a question as to whether the street had been repaired after the accident, even if the purpose was to show not an admission, but that no change had been made between the time of the accident and the time that plaintiff examined the street. This fact might have been elicited by a question not objectionable in form.

3. NEW TRIAL—ARGUMENT OF MOTION.

It is not an abuse of discretion for the trial judge to refuse to hear extended arguments on a motion to set aside the verdict.

Appeal from circuit court, New York county.

Action by Thomas W. Sweeny against the mayor, aldermen, and commonalty of the city of New York to recover damages for personal injuries. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Matthew Daly, (F. R. Coudert,* of counsel,) for appellant.   *William H. Clark, (Theodore Connoly* and *Terence Farley,* of counsel,) for respondent.

O'BRIEN, J.   The action was brought to recover the sum of $5,000 for injury alleged to have been sustained by the plaintiff in falling upon the pavement on the northerly side of Eighty-Ninth street, between First and Second avenues, on the evening of March 9, 1884. The injuries were alleged to have been received by reason of the careless and negligent maintenance by defendants of Eighty-Ninth street. For appellant it is insisted that the judgment should be set aside, for the reason that the verdict was against the weight of evidence, contrary to the instructions of the law, and the result of misapprehension and mistake in the minds of the jury, resulting in injustice to the plaintiff. In addition certain exceptions taken to the refusal to allow certain questions to be answered are relied upon. These, and the refusal of the court to hear argument on the motion to set aside the verdict, are the questions raised upon this appeal. The plaintiff's version of the accident was that on returning home on the day in question he left the Third-Avenue train at Eighty-Ninth street with the intention of returning to his home in Astoria by the ferry from the foot of Ninety-Second street. It being dark, the plaintiff testified, he concluded that it would be safer for him to continue on through Eighty-Ninth street as far as Avenue A, instead of taking the route which he had often before gone over from Second avenue through Ninety-Second street to the ferry. This change from the usual route taken by plaintiff on returning home to Astoria was the result, he said, of the very bad condition of Ninety-Second street at the time in question. As to just how the accident occurred, and the cause of it, no positive evidence is presented. Upon the direct examination the plaintiff testified as follows: "I continued down Eighty-Ninth street, which, as I have stated, was very clear of obstructions, as far as I knew. I have never traveled that part of Eighty-Ninth street before, between First and Second avenues, and I continued on. It was very dark, and the first thing I knew I was prostrated on my face and hands. I could see nobody in the street, it was so intensely dark. But there was a man on the street, it seemed, on the other side, though he didn't see me nor I him; but he heard the rattling of my cane on the flag I fell on, and crossed the street to ascertain what caused the noise. He came over and found me insensible, and being a very delicate man and sick at the time, he

could not render me any assistance." Plaintiff further testified that he knew the name of this man to be Charles Funk, and that he lived on Eighty-Eighth street, but neither Funk nor the policeman who assisted Funk to raise the plaintiff after the accident were called as witnesses on the trial. It is true that on cross-examination plaintiff testified: "The night was dark. I didn't see a thing until I was prostrated." And when asked if he knew the cause of the fall he stated that the cause was broken flag-stones, but, as stated by the court, the plaintiff did not pretend that he saw anything that night, but he speaks of the condition of the sidewalk from his subsequent examination, which, he says, was 10 days afterwards.

It will thus be seen that the plaintiff does not testify positively that his injury was caused by defective sidewalk, but merely states that he tripped on some obstacle and fell; thus, at the most, raising but a presumption that the obstacle was a defect in the sidewalk. We have thus considered the evidence of Gen. Sweeny for the reason that it was the only evidence given as to the circumstances attending the reception of his injuries. Unless this testimony would have justified a direction by the court that plaintiff was entitled to recover, leaving to the jury only an assessment of damages, then a refusal to subsequently disturb the verdict was not error. In other words, if the verdict was not contrary to law, nor contrary to the evidence, it should not be disturbed, remembering the uncertain character of the evidence as to the cause of the accident and the fact of the interest which plaintiff had in the suit, and the right that the jury had of drawing one or more inferences from testimony thus offered. Though, upon the same evidence, the court might have come to a contrary conclusion, this would not be sufficient to justify setting aside the verdict. "In reviewing the findings of a jury, and the evidence upon which it is based, there are certain cardinal rules which are not to be lost sight of. It is the right of the jury to decide as to the credibility of testimony, to weigh evidence, and to draw inferences from it. The courts are not authorized to set aside a verdict simply because if they had been on the jury they would have found a different verdict, and it is not enough that the verdict may possibly be wrong, but the court should be satisfied that after giving a proper weight to all the evidence it cannot be right. 3 Grah. & W. New Trials, 1283; *Cheney* v. *Railroad Co.*, 16 Hun, 415; 1 Thomp. Trials, 1037–1039.

We have thus reviewed the evidence upon the assumption that the case contained all that was given upon the trial. We might have disposed of all the questions of fact and alleged errors of the jury by applying the rule, now well settled, that evidence in a case cannot be reviewed where the case on appeal fails to state that it contains all the evidence. *Cheney* v. *Railroad Co., supra; Cornish* v. *Graff,* 36 Hun, 160; *Porter* v. *Smith,* 107 N. Y. 533, 14 N. E. Rep. 446; *Aldridge* v. *Aldridge,* 120 N. Y. 614, 24 N. E. Rep. 1022.

Upon the same assumption heretofore indulged in, however, that the case contains all the evidence taken upon the trial, we will consider the second ground relied upon, which is the alleged error of the jury in misapprehending the instructions of the court, as claimed by appellant. On the return of the jury, after deliberation, to the court, the foreman stated that he would like to hear the testimony of Gen. Sweeny on the point as to whether the said Ninety-Second street was in bad condition, where he could not pass through. "*By the Court. Question.* What has that to do with it? *By the Foreman.* Counsel said that the general got out at Eighty-Ninth street, and went through Eighty-Ninth street, because he knew Ninety-Second street was in an unsafe condition. *By the Court.* I think the general said that in his examination, but the point is not very important. * * * *By Defendant's Counsel.* He said he was apprehensive of danger by falling, on account of the insecure condition of Ninety-Second street. *By the Court.* The point involved in the case relates to Eighty-Ninth street, and not to Ninety-Second street. *A Juror.* Then we have agreed upon the verdict. We find a verdict

for the defendants, for the city." The occurrence thus related is relied upon as tending to show that the verdict is altogether the result of misapprehension on the part of the jury, and a clear mistake of law; that it is evident that the jury willfully and perversely disregarded the instruction of the court that the condition of Ninety-Second street had nothing to do with the case, and returned a verdict based upon the condition of that street. We do not think that such a conclusion is justified by what ensued on the return of the jury. On the contrary, it would appear that the jury had agreed upon a verdict, but were disposed to attach some importance to the condition of Ninety-Second street as affecting the plaintiff's right to recover, but, as soon as they ascertained from the instruction of the court in no way related to or affected the question, a verdict was reached by entirely disregarding the same. It seems also reasonable that the only one who attached importance (unless it may have been in addition the foreman himself) was the juror who, after the court had instructed them that the condition of Ninety-Second street had no bearing upon the question as to whether plaintiff should or should not recover, thereupon stated that they had agreed upon a verdict for the city.

It was upon this ground that the motion for a new trial was made, and for the refusal to hear argument thereon that appellant relies to reverse the judgment. We have been furnished with no authorities, nor can we think of any good reason, why a judge who has presided over the trial of a case, has heard all the evidence, should, after a verdict is rendered, be compelled to hear an extended argument upon a motion for a new trial. The exceptions at folios 140–142 and 154 we do not regard as well taken. They are all of one class, and relate to the exclusion of evidence tending to show that the city made repairs in Eighty-Ninth street after the date of the accident. Evidence of this character is clearly incompetent under the authorities. We are aware that counsel stated that it was offered, not for the purpose of showing the repairs, as an admission on the part of the city that it needed repairs, but to show that the street was in the same condition when Gen. Sweeny visited it a week after, and that it was only changed or repaired three months after. If what was sought was to ascertain the condition of the street, that question could have been asked in a form other than the one that has been so frequently condemned by the court of appeals. If upon no other grounds, the court was justified in excluding it by reason of the form of the question by which the evidence was sought to be elicited. On the examination of the case and exceptions, therefore, we are of opinion that the judgment should be affirmed, with costs.

VAN BRUNT, P. J. The jury may have been of the opinion that as the plaintiff gave as a reason for not taking Ninety-Second street its bad conditions if it was not in bad condition that it affected his credibility. I concur in result.

LAWRENCE, J., concurs in the result.