## HENRY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

MUNICIPAL CORPORATIONS — DEFECTS IN SIDEWALK — PERSONAL INJURIES — EVIDENCE.

In an action for personal injuries from falling on a defective walk, the preponderance of the evidence *held* to show that the entire flagging of the walk had been removed, and that there was no portion remaining from a defect in which the injury could have occurred.

Appeal from Trial Term, New York County.

Action by Dora R. Henry against the city of New York.   From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Theodore Connoly, for appellant.
Charles V. Nellany, for respondent.

HOUGHTON, J.   The action is for personal injuries claimed to have been received on the evening of the 21st of June, 1902, from falling upon the sidewalk on the north side of Broadway, opposite the Dorilton Hotel, between Seventy-First and Seventy-Second streets.

The alleged defect was a splintered flagstone causing a depression in the walk of from three to five inches, upon the ragged edge of which plaintiff claimed to have stumbled and fallen. The Dorilton Hotel had been but recently completed, and the subway construction was in progress in the locality at the time of the accident. Concededly a portion of the walk had been removed; the plaintiff's witnesses claiming that there still remained, however, two rows of small flagging in the center, making a walk two to three feet wide, the balance being composed of dirt and cinders. The civil engineer in charge of this section of the subway construction testified that at the time of the accident the excavation had encroached five feet upon the walk and was several feet in depth, and that to his best recollection no flagging remained upon the walk, but all had been removed, and it was composed wholly of earth and cinders.

Whether, in view of the necessarily disturbed condition of the street and walk incident to the building of the Dorilton Hotel and the construction of the subway, a broken flagging causing a depression of from three to five inches in the walk was such a defect as permitted the submission of the question of defendant's negligence to the jury, we do not feel called upon now to determine, for the defendant's proof that all the flagging had been removed at the time of the accident and that none existed upon which the plaintiff could stumble is so preponderating that we are compelled to set aside the verdict in plaintiff's favor as against the weight of evidence. The size of the verdict, which was so large that the trial court felt compelled to reduce it, indicates that some passion or prejudice must have governed the jury, not only as to the amount of its verdict, but as to the facts upon which it was based.

The plaintiff does not testify as to the condition of the walk prior to the evening of the accident. The witness produced by her, who assumes to describe the defect, evidently describes it as of a time other than that of the accident, because she says no subway excavation had then been made in this particular locality. In this she is at variance, not only with the plaintiff, but with all the witnesses for defendant, including the civil engineer in charge of this section, who produced in court original memoranda with which he refreshed his recollection. In addition, the defendant produced nine other witnesses, all of whom testified that all the flagging had been removed from the walk in question, and that it consisted only of dirt and cinders. It is true that these witnesses were or had been either in the employ of the city or of the subway contractors, but they had special opportunity to know the situation, and it is quite inconceivable that they all testified falsely.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.