## MORRONEY v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. February, 1906.)

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—INJURIES.

Plaintiff, while walking along a sidewalk, caught the tip of her shoe under a projecting flagstone, causing her to fall. The hole existed where two artificial flagstones joined, one of the stones being from 1¾ to 2 inches higher than the other, and plaintiff's shoe was so caught in the hole that it required force to remove it. *Held* that, though such defect had existed for more than a year without before causing an accident, it was not such a defect as the court could say as a matter of law was not dangerous.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1624, 1625, 1748.]

Action by Mary Morroney against the city of New York. On motion by defendant for a new trial. Denied.

E. S. White, for plaintiff.

James W. Covert, for defendant.

KELLY, J. The plaintiff sued to recover damages sustained, as she alleged, through the negligence of the defendant in failing to keep a sidewalk in reasonably safe condition. She testified that, while walking east on the north side of Forty-First street in the borough of Brooklyn on the evening of November 3, 1903, the tip of her right shoe caught under a projecting flagstone, causing her to fall. Her evidence was that the shoe was caught so that it required some force to remove it. She was corroborated by her husband, who was with her. A witness living on the opposite side of the street saw her fall. There is no substantial dispute as to the condition of the flagging. It was made of some patent substance, and at the place where the plaintiff caught her foot two of the artificial flagstones joined. They were laid by different makers at different times, and the upper or easterly stone was, as plaintiff claimed, 2 inches, and as defendant concedes, 1¾ inches above the lower. This condition had existed for more than a year. Defendant's policemen and other witnesses testified that they had no knowledge of the hole or space under the higher flagstone in which plaintiff's shoe was caught. Photographs were introduced in evidence, which plaintiff averred showed the existence of the hole, and which defendant insisted showed that the alleged defect consisted simply in the elevation of one stone over the other for the space indicated. The claim was presented to the city at a time when the flagging remained in the condition in which it was on the night of the accident, but no investigation appears to have been made as to the existence of the hole. Therefore on this trial we have the positive statement of plaintiff and her witnesses, met by the negative testimony of the city from witnesses who say they never saw the hole or space.

Whether the condition claimed by the plaintiff raised an issue as to whether the walk was reasonably safe was vigorously contested by the corporation counsel. He insists that the court should say as matter of law that the defect was not such as to warrant a finding

by the jury that the situation was likely to result in accident.  No evidence was introduced of previous accidents occasioned by pedestrians catching their feet in the hole or space under the flagging, and it was conceded that the street was a regularly paved street, built upon and used by the public.  Is this a case requiring the court to submit the question whether the highway is in reasonably safe condition to the jury?  The absence of evidence of previous accident is important. Of course, a condition not intrinsically unsafe, which has uniformly proved sufficient and safe is not changed to one insufficient and unsafe simply because one out of hundreds or thousands meets with an accident in encountering it.  The policemen called by the city testified that they had passed over this uneven condition of sidewalk repeatedly and had never heard of or anticipated accident or danger from it. When reasonable men may differ as to whether or not the condition was such as to call on the city officials to anticipate accident, the question is for the jury.  Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. Is this such a case?  The Court of Appeals has decided that minor defects and irregularities in sidewalks are not such defects as will justify the submission of the question to the jury, because no street can be made and maintained in absolutely perfect condition; and the court decided as matter of law in the Beltz Case that a depression of $2\frac{1}{2}$ inches was not dangerous.  In Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, a depression of 4 inches in a sidewalk was held not to be dangerous as matter of law.  Judge Vann, in his dissenting opinion, expresses doubt as to the line separating the question as one of law from the question of fact.  This difficulty is always presented in this class of litigation.  Here we know an accident happened, there is no suggestion of contributory negligence, and the jury have apparently found that a hole or space existed into which the toe of the pedestrian's boot entered and was held fast.  They have found that she told the truth when she stated specifically that she did not "trip" over the irregularity in the stone, but that her fall was caused by her foot catching in the hole and being held fast.  Now I am free to say that if the question of reasonable safety is to be determined alone by the dimensions of the hole, depression, or irregularity in the sidewalk, then this space was not as large as the depression in the Beltz Case, supra, in the Getzoff Case, 51 App. Div. 450, 64 N. Y. Supp. 636, nor in the Corson Case, 78 App. Div. 481, 79 N. Y. Supp. 604, in each of which actions the appellate courts decided that the condition did not present a case for submission to the jury.

It is true, also, that there is no evidence of previous accident; but, while this is an important fact, I think it is to be submitted to the jury for consideration in determining the main question:  Was the situation reasonably safe?  I do not think it is decisive, because, if the situation was unsafe, it would be manifestly unjust to deny relief to the first person who was unfortunate enough to suffer from it. It would be in effect likening the case to one where an animal, usually gentle and good-tempered, suddenly manifests evil qualities.  It is said that a dog "is entitled to one bite" before his owner is to be held liable.

The learned corporation counsel urges that this principle is to be

applied as between persons injured on the highway and the municipal corporation controlling the street, and it is said that the Appellate Division in this department has in effect so decided in the Corson Case, supra. I do not so interpret the decision. The fact of the happening or nonhappening of previous accidents may bear on the character of the defect and on the question of notice to the municipality. Where a situation is not unsafe in itself it may be continued without imputation of negligence. But where the condition is unsafe, the fact that individuals may fortunately escape injury is no excuse for its continuance. In the case at bar, the jury was told that if the accident was occasioned simply by reason of the fact that one stone was elevated over the other, simply because she tripped, she could not recover, and that it was only in case they found that the aperture or hole existed and caught plaintiff's foot, holding it fast and causing her to fall, that this condition was not reasonably safe, and that it had existed for the time charged—only on proof of these facts were they justified in deciding that the sidewalk was not reasonably safe. I am not prepared to say that a hole or aperture in a sidewalk into which the toe of a pedestrian's shoe may pass, sufficiently far to hold the foot fast, requiring force to remove it, is such a minor defect that reasonable and prudent men will not differ as to whether accident should have reasonably anticipated from its continuance. The jury have found the facts in favor of plaintiff, and I think the verdict must stand.

Motion denied.