(119 App. Div. 432)

HENRY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 17, 1907.)

1. MUNICIPAL CORPORATIONS—TORTS—DEFECTS IN SIDEWALKS—EXCAVATIONS.

Where a street was torn up from curb to curb for the construction of a subway, and the excavations extended inside the curb, so that the sidewalk had been partly removed, and a large building had recently been completed on the other side of the sidewalk, leaving it quite rough, such conditions having existed for a long time, it imports no negligence or failure of duty on the part of the city that a piece of one of the flagstones on the walk between the building and the subway trench should have been broken off and depressed below the surface of the surrounding pavement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1624, 1625, 1636, 1637.]

2. SAME—DEGREE OF CARE REQUIRED IN USING DEFECTIVE SIDEWALK.

Where, on account of building and excavating, a sidewalk had become rough and uneven, and such condition was perfectly obvious, a person using the sidewalk was required to use more than ordinary care to avoid accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1677.]

Appeal from Trial Term.

Action by Dora R. Henry against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

See 97 N. Y. Supp. 89.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Royal E. T. Riggs, for appellant.
Thomas L. Hughes, for respondent.

SCOTT, J. The plaintiff has recovered a verdict for the damages suffered by her in consequence of having stepped into a hole in the pavement on the easterly side of Broadway, between Seventy-First and Seventy-Second streets, in the city of New York. At that time the street was in great confusion. Broadway was excavated from curb to curb for the construction of the subway, and at this point the excavation extended several feet inside the curb line, so that one line of flagstones had been removed and the sidewalk partly excavated; a board fence having been erected between the excavation and the unstable portion of the sidewalk. On this fence, on the side nearest the house line, red lanterns were hung during the nighttime about 6 or 8 feet apart. The street and portion of the sidewalk had been excavated for at least two months before the accident, and the excavation in the roadway had been going on for a much longer time. On the other side of the sidewalk a large hotel or apartment house had just been erected, and had been completed only a few months before. As a natural result of the building operations which had been going on on the one side, and the subway construction which had been and still was going on on the other side, the condition of the walk had become much disturbed and quite rough. The hole of which plaintiff com-

plains appeared to have resulted from the breaking off and sinking of one corner of a flagstone, and it is said to have been between 3 and 4 inches deep, about 2 feet long, and about 18 inches wide.

Upon a former appeal, judgment for plaintiff was reversed, because this court found that the evidence strongly preponderated in favor of the contention of the city that at the time the plaintiff claims to have been injured all the flagstones had been removed, and only a cinder path left, so that the accident could not have happened as plaintiff says it did. In the course of its opinion the court then said:

"Whether, in view of the necessarily disturbed condition of the street and walk incident to the building of the Dorilton Hotel and the construction of the subway, a broken flagging, causing a depression of from 3 to 5 inches in the walk. is such a defect as permitted the submission of the question of defendant's negligence to the jury, we do not feel called upon now to determine." Henry v. City of New York, 110 App. Div. 886, 97 N. Y. Supp. 89.

A second jury has (although on scarcely more satisfactory evidence) found a verdict for the plaintiff, and has thereby necessarily found that the defect of which she complains did, in fact, exist. It therefore becomes necessary to consider and determine the question which the court declined to determine upon the former appeal. The whole subject of the liability of a municipality for defects in its sidewalks has recently been considered by the Court of Appeals, and a large number of cases reviewed. Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712. In that case, at the junction of a stone and dirt sidewalk, the surface of the stone walk was higher than that of the dirt walk by about $2\frac{1}{2}$ inches in the center, and by about 5 inches at the edge of the walk, and it was held that this was too slight a defect to sustain an action against the village for negligence in behalf of a pedestrian who had stumbled over the projecting edge and been injured. In the course of the opinion the general rule as to the liability of a municipality for the condition of its streets was succinctly stated as follows:

"It is not an insurer, and is not expected to maintain walks and streets in such an absolutely perfect condition as to render an accident impossible; but it is expected to use reasonable care and prudence in detecting and remedying any defect which it might fairly be anticipated would be dangerous and liable to cause an accident."

This statement of the law, of course, needs no citation of authorities to establish it, and, as pointed out by the court of appeals the difficulty which frequently presents itself is in the application of this general rule to specific cases, and, as the court well says, "each case must necessarily depend upon its particular features." The significant facts in the present case are that the street had been for a long time in a necessarily disturbed condition of a nature and character calculated to interfere greatly with the integrity of the pavement. It needs no evidence to inform us that the construction of a large building frequently, and even generally, results in much damage to and disturbance of the sidewalk upon which it abuts, and the same is true of the subway excavation and construction, a work over which the city had no control or supervision. It imports no negligence or failure of duty on the part of the city that a piece of one of the flagstones on the walk between the building and the subway trench should have been

broken off and depressed below the surface of the surrounding pavement. It is also worthy of notice that the evidence that this particular hole had existed for any considerable length of time was but meager and unsatisfactory, and that it did not appear that any other accident had ever happened in consequence of its existence; for, as said in the Butler Case above cited, the city authorities had a right to take into account and be influenced by the experience of the general public in using the sidewalk without mishap. A defect in the sidewalk similar to, and little, if any, larger than, that complained of in the present case, has repeatedly been held to be insufficient to charge a municipality with negligence. Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Hamilton v. City of Buffalo, 173 N. Y. 79, 65 N. E. 944; Getzoff v. City of New York, 51 App. Div. 450, 64 N. Y. Supp. 636; Corson v. City of New York, 78 App. Div. 481, 79 N. Y. Supp. 604. The cases which seem to hold to the contrary are distinguishable as was clearly pointed out in the Butler Case, supra.

What makes the present case a stronger one for the defendant than any of these above cited is the fact that the work in the street which apparently produced or contributed to the disordered condition of the sidewalk was still going on. It would certainly have imposed an unreasonable obligation upon the city to have required it to follow up the subway work from day to day, for the purpose of detecting and repairing every slight break or defect that might be found on the sidewalks. Such a defect as the plaintiff complains of might, indeed, as her experience shows, result in an accident; but it was not of such dimensions or character as to make an accident probable. We are therefore of the opinion that the evidence did not show such a defect in the walk as justified the submission to the jury of the question of the defendant's negligence.

The evidence of the plaintiff's freedom from contributory negligence was also far from satisfactory. She knew that the subway excavation was going on, and that the street had been in more or less disorder for some time before the accident. Notwithstanding this, she seems to have proceeded on her way without any particular care, and without any attention to her surroundings. Under the circumstances disclosed by the evidence, as to the perfectly obvious condition of affairs at or about the point at which the accident happened, the plaintiff was bound to use more than ordinary care to avoid an accident. Walsh v. Central New York Tel. Co., 176 N. Y. 163, 68 N. E. 146; McDonald v. Holbrook, Cabot & Daly, 105 App. Div. 90, 93 N. Y. Supp. 920. It does not appear that she fulfilled this obligation.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; PATTERSON, P. J., in result.