CARSON v. VILLAGE OF DRESDEN.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

MUNICIPAL CORPORATIONS (§ 819*)—SIDEWALKS—INJURIES TO PEDESTRIANS—EVIDENCE.

Where, in an action for injuries to a pedestrian by a defective village sidewalk, plaintiff only identified the place of her injury by testifying that it was in front of T.'s residence, which had a frontage of 90 feet on the street, and though the proof showed that the sidewalk in front of such premises was in a very defective condition generally, there was no evidence identifying the hole into which plaintiff stepped, or describing it in such a manner as to warrant a finding that it was such as to have led defendant's officers, in the exercise of ordinary care, to have anticipated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a pedestrian passing over the walk would be injured thereby, plaintiff could not recover.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

Kruse, J., dissenting.

Appeal from Trial Term, Yates County.

Action by Flora Carson against the Village of Dresden. From a judgment for plaintiff for $2,500 damages and $141.17 costs, and from an order denying defendant's motion for a new trial on the minutes, and on all the grounds specified in Code Civ. Proc. § 999, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. Smith O'Brien, for appellant.
M. A. Leary, for respondent.

McLENNAN, P. J. On the forenoon of January 12, 1907, the plaintiff, who was alone, was walking on the sidewalk on the north side of Seneca street in the defendant village. She was going from a store located easterly from her residence on said street, where she had been shopping, to her home. Next east of the residence of the plaintiff is the home of a Mr. Still. Next east of Mr. Still's residence is the residence of a Mr. Thomas, which has a frontage of 90 feet on the street. Still farther east is a blacksmith shop, and next east of it is the Brundage store, where the plaintiff was trading.

The plaintiff testified that while she was walking in front of the Thomas premises, which (it will be observed) extended for a distance of 90 feet, and she said:

"On that occasion I caught my foot in the walk, and it throwed my body forward, and in endeavoring to save myself I was thrown backwards, injuring my back and my foot. As I went backwards there was something cracked in my back, and I became blind and dizzy at that time."

And she further said:

"As I walked from the store that morning of the accident, I was walking along in a careful way and caught my foot in this hole in the walk, and it throwed my body forward, and in attempting to save myself I was thrown violently backward, and it cracked my back."

She further said:

"I caught my foot in a hole, my right foot. I caught the back part of my foot. It held my foot fast up to there. I did not drop the eggs [which she had purchased at the store and was carrying]. I did not fall clear down."

There is absolutely no evidence given on behalf of the plaintiff which identifies the place in front of the Thomas premises, where the accident occurred; neither is there a particle of testimony which in any manner describes the hole in which she says she caught her foot and, as she claims, caused the accident in question.

In the complaint it is alleged that she stepped—

"upon a loose plank or planks, and her feet went into a hole or depression and were forced under the next plank, and in her effort to prevent herself from

falling she wrenched and strained herself to such an extent that she injured her back and spine," etc.

But upon the proof made, as before suggested, there is absolutely no evidence which would indicate that the accident occurred in any particular place in front of the Thomas premises, and certainly there is no evidence which tends to describe the defect which the plaintiff claims existed in the sidewalk and which caused her injury. Whether such hole into which she says she stepped was a half an inch or two inches in depth, or what its length was or what its width was, is in no manner attempted to be described by the evidence in this case. It seems to me that, in order to charge the defendant with responsibility for the plaintiff's misfortune, she should have been required to have pointed out the nature or character of the defect in the walk which she claims constituted negligence on the part of the defendant, or at least have given such evidence as would have tended to show that in the vicinity of the place where she received an injury there was such defect in the walk as for which the defendant would be respon-. sible.

There is evidence tending to show that there were many defects in the walk in front of the Thomas premises at the time and immediately preceding the accident, but no one of such defects is described. It is said by some of the witnesses that the walk was rotten, by others that there were numerous holes in it. But no one of such holes is described. The depth, length, or width of any of them is not given. It appears without contradiction that efforts had been made to fill up such holes by cinders. How successful, or what condition those holes or any of them were in, after such repairs had been made, is in no manner indicated by the evidence. Witnesses were called who testified that they had fallen or had trouble in passing over such walk previous to the time of plaintiff's accident, because of holes which existed in such walk. But it is not pretended that any of the holes which they describe were the holes in which the plaintiff claims to have stepped, and there is absolutely no evidence as to the character and extent of such holes. One witness testifies that upon one occasion prior to the time of the accident in question he tripped upon a plank extending lengthwise across the driveway; that such plank was warped, and that he caught his foot in it, and that such condition caused him to fall. But there is no suggestion in the evidence of the plaintiff that that was the cause of the accident which befell her. She says, "I caught my foot in this hole in the walk, and it throwed my body forward, and in attempting to save myself I was thrown violently backward," and that she sustained the injury for which she complains.

How can it be said that the hole which existed and into which the plaintiff stepped was of such character as to charge the defendant with negligence in permitting such hole to remain, when there is absolutely no evidence as to its character or extent, or its location? Broadly stated, the plaintiff testifies that she stepped into a hole; that the heel of her shoe or the back part of her foot went into a hole in a sidewalk in front of a man's premises, extending for a distance of 90 feet; that thereby she received injuries; and she seeks to hold the defend-

ant liable for the consequences of such injury, without in any manner locating within that distance where such hole was, or describing the character of the hole into which her foot went. If the hole into which her heel went was such as not to have led the officers of that village, in the exercise of ordinary care and prudence, to have anticipated danger to a pedestrian passing over such walk, clearly the defendant would not be liable. Sometimes the defect or depression in a sidewalk is so slight that courts have held, as matter of law, that the defendant was not liable. Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944; Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712; Getzoff v. City of New York, 51 App. Div. 450, 64 N. Y. Supp. 636; Henry v. New York, 119 App. Div. 432, 104 N. Y. Supp. 440. In other cases, and they are numerous, it has been held that it was a question of fact for the jury as to whether or not the particular defect which the municipality permitted to remain or continue constituted negligence on its part. But in all those cases, the defect complained of was described. If it was a hole, its character was indicated, its depth, its length, and its width were shown, so that the jury could say whether such defect was of such character as that the defendant municipality should have anticipated, in the exercise of ordinary care and prudence, that an accident would probably have resulted therefrom.

In the case at bar there is abundant evidence to show that the walk in question was not a good walk; that there were many holes and defects in it; but the singular thing about this case is that not one of such holes or defects are described. So that the case, upon the evidence, went to the jury with evidence that this was a poor walk; that it had been so for a number of months prior to the accident; that some of the planks were rotten; that there were holes in it, many of which had been packed full of cinders and other materials so as to make the surface level. But not a single defect which existed in that walk, whether a hole or otherwise, was described in such manner as to have furnished any evidence to a jury which would enable it to say that any one of such defects was of such character as to have led the defendant to believe that an accident would probably have resulted to a person using such street. This should be modified to the extent of saying that others had fallen upon the sidewalk because of holes which existed, but really whether through their carelessness or otherwise does not appear, and could not be determined in this case. At all events, there is absolutely no evidence to indicate whether or not the holes which caused the fall of the other witnesses were of such character as to have charged the defendant with notice that they constituted a danger to the traveling public.

In this case the plaintiff was seriously injured as a result, as we believe, of her experience in attempting to traverse this sidewalk, and as a result of the injuries thus sustained the evidence indicates that she is a physical wreck—permanently injured. But however much we may deplore her condition and sympathize with her, we think it cannot be held that a municipality can be held liable for such injuries, unless the evidence offered in support of plaintiff's cause of action points out the character and nature of the defect in the sidewalk which pro-

duced the same, and that such description or evidence is of such character as will justify a jury in saying that the defendant was guilty of negligence in permitting such condition to exist.

Stripped of all surplusage, plaintiff's case stands upon the proposition: In traveling along the sidewalk in question she stepped into a hole, wrenched her back, and serious injuries resulted. The character of the hole, how deep, long, or wide, is not indicated by the evidence. Is that sufficient to establish a cause of action against this defendant, even if we accept the general statement of the witnesses that the walk was in bad condition and was rotten; that other witnesses had stepped in other holes, not one of which was described? It does not seem to me that under the authorities the plaintiff has made out a cause of action against the defendant, because she has failed to prove any fact from which it can be said that the defect in the walk, which caused her fall, was of such character as to charge the defendant with negligence, even assuming that it had knowledge of such defect. Take the whole evidence upon this proposition, and interpret it most favorably to the plaintiff. What does it present? Simply, as it seems to me, that the walk in question was rotten in places, had numerous holes in it, the character of which is not described; that the plaintiff caught her heel in a hole in such walk; that she tripped, and the injury to her resulted. The character of such hole, as before stated, is not disclosed; neither is the character of any other hole or defect in such walk described.

Upon the evidence, was it possible for the jury to have been given a picture of such walk, or any place where it could be claimed that the plaintiff might have fallen, which would have enabled it to say that the defendant was guilty of negligence in maintaining the same, remembering always that every defect in a sidewalk does not impose liability upon a municipal corporation, no matter how serious the result of such defect?

In considering this case we have asked ourselves the question, what was the defect which caused the accident to the plaintiff? and the only answer, from the evidence in the record, is that the heel or hind part of the plaintiff's shoe went into a hole somewhere in front of the Thomas property. The defect in the sidewalk which caused the injury is not pointed out. There is no hole or other defect described in the immediate vicinity in which the plaintiff fell in such manner as to enable a jury to say that the defendant was guilty of negligence in not having anticipated that such condition was dangerous and would probably result in injury to the plaintiff or other pedestrians.

In the case of Sweeney v. Mayor, etc., 63 Hun, 630, 17 N. Y. Supp. 797, in an opinion written by Judge O'Brien, the court held:

"In an action for personal injuries occasioned by a defective sidewalk, a verdict for defendant cannot be disturbed where the only evidence as to the defect is that of plaintiff, who states that while walking in the dark he fell and became insensible, without knowing the cause, and that he examined the walk ten days later, and found the flagstones broken."

In the case at bar the plaintiff was not insensible. She was entirely competent to have pointed out the place where the accident occur-

red, and the defect, if any, in the walk, which she claimed caused the accident, so that its character might be ascertained and the nature of the defect described. This she did not do. There is no evidence which throws any light upon this subject. It seems to me that the plaintiff wholly failed to establish a cause of action against the defendant. Having reached such conclusion, it is unnecessary to consider any other question presented by this appeal.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event. All concur (WILLIAMS, J., in result), except KRUSE, J., who dissents in a memorandum.

KRUSE, J. (dissenting). I think the plaintiff ought not to be beaten simply because she is unable to point out the precise hole where she fell. The entire walk was full of holes and in a dangerous condition. She called attention to the place as being between the Thomas house and the blacksmith shop—a little nearer the house than the blacksmith shop, and the proof shows that the walk was in very bad condition at this point. The more serious question, it seems to me, is whether prejudicial error was committed in receiving the declaration made by Trustee Birkett, after the accident, that the walk had been bad and they knew it. Fox v. Village of Manchester, 183 N. Y. 144, 75 N. E. 1116, 2 L. R. A. (N. S.) 474. I think the evidence is so overwhelming, that this statement was entirely correct, and it could not have affected the result.