# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

May 29, 1998

Cecil W. Crowson
Appellate Court Clerk

DONNA S. OGILVIE                              )
                                             )
      Plaintiff/Appellant,                 )
                                             )    Appeal No.
                                             )    01-A-01-9709-CV-00466
VS.                                          )
                                             )    Davidson Circuit
                                             )    No. 95C-1673
METROPOLITAN GOVERNMENT OF                   )
NASHVILLE AND DAVIDSON                       )
COUNTY, TENNESSEE,                           )
                                             )
      Defendant/Appellee.                  )


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE


JOEL H. MOSELEY
MOSELEY & MOSELEY
Suite 300, One Church Street
101 Church Street
Nashville, Tennessee 37201-1609
      Attorney for Plaintiff/Appellant

JAMES L. MURPHY
Director of Law
Department of Law of the Metropolitan
Government of Nashville and Davidson County

PHILIP D. BALTZ
Metropolitan Attorney
222 Third Avenue North, Suite 501
Nashville, Tennessee 37201
      Attorney for Defendant/Appellee


AFFIRMED AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
BUSSART, W., S.J.


# O P I N I O N

The plaintiff sued the Metropolitan Government of Nashville and Davidson County, alleging that the dangerous and unsafe condition of a city sidewalk caused her to fall and sustain personal injuries. After a bench trial, the Circuit Court of Davidson County found that the sidewalk was not defective, unsafe, or dangerous and that the plaintiff was more than fifty percent at fault. We affirm.

## I.

On June 26, 1994, the plaintiff, in the company of her husband and son, walked along the sidewalk on the south side of Union Street in Nashville. At some point between Fifth and Sixth Avenues, she stumbled over a "lip" a little over one inch high in the sidewalk. The lip resulted from the failure to build or maintain the sidewalk flush with the top of a concrete underground chamber, the surface of which formed part of the sidewalk. Ms. Ogilvie fell and sustained painful personal injuries.

## II.

Because this is an action against the local government, the Tennessee Governmental Tort Liability Act applies to the claim. After providing (or reiterating) a general rule of immunity, Tenn. Code Ann. § 29-20-201(a), the Act removes the immunity of a local government for injuries "caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned or controlled by such governmental entity. Tenn. Code Ann. § 29-20-203(a).[1] Subsection (b) requires as a precondition to liability that the governmental entity have notice, actual or constructive, of the dangerous condition. The City does not deny that it had notice of the condition or that the sidewalk was under its ownership and control.

---

[1]Governmental immunity is removed for certain other torts by other sections of the Act. *See* Tenn. Code Ann. § 29-20-202, 204, and 205.

The real question, then, is whether the sidewalk was defective, unsafe, or dangerous. The trial judge held that it was neither, and relying in part on that conclusion, he dismissed the claim. The question of what condition of a sidewalk will make it defective, dangerous, or unsafe has troubled the courts for many years. Our books contain numerous cases dealing with sidewalk irregularities from great to small. In *City of Memphis v. McCrady*, 124 S.W.2d 248 (Tenn. 1938) the court held that a two and one-half inch "lip" at an expansion joint in the sidewalk, over which the plaintiff tripped in broad daylight, would not subject the city to liability. In *Batts v. City of Nashville*, 123 S.W.2d 1099 (Tenn. App. 1939) the court surveyed a number of cases that dealt with defects of various sizes and shapes in sidewalks or streets. The defects ranged from a two and three-eighths inch difference between sections of a sidewalk, *McCormick v. City of Racine*, 277 N.W. 646 (1938), to a three inch deep hole in a sidewalk, *Getzoff v. City of New York*, 64 N.Y.S. 636 (1900), and in each case the court held as a matter of law that the condition did not render the area defective or dangerous.

In fairness, we should point out that the Tennessee cases all say that liability does not depend on how high the irregularity is. No bright line can be drawn on the size and depth of holes in the sidewalk beyond which the city would be liable. The court in *Batts* summed up the rule in this way:

> It would be impossible to derive a rule from the numerous cases by which to fix the line of demarcation between actionable size and depth of holes in streets and sidewalks and nonactionable size and depth. The cases all come back to the question of whether or not it could be reasonably anticipated, by a reasonably prudent person, that a traveler on the sidewalk or highway unexpectedly encountering the obstruction or hole, would suffer injury, or as some of the cases express it, would probably suffer injury.

123 S.W.2d at 1104.

In *City of Memphis v. McCrady*, 124 S.W.2d 248, 249 (Tenn. 1938) the court put it this way:

- 3 -

The municipality cannot be held as an insurer, nor can it be charged with the duty to correct slight defects in sidewalks resulting from inequality in the expansion joints, produced by natural causes, where the inequality or unevenness does not make a dangerous obstruction calculated to produce injury to persons exercising reasonable care. And so, where the evidence is conflicting or the facts such as to authorize different inferences as to whether the defect is a dangerous obstruction calculated to cause injury, the case must be submitted to the jury, but, where the defect or obstruction is such that reasonable men would not differ in the conclusion that the obstruction or defect was not dangerous to travel in the ordinary modes by persons exercising due care, a verdict should be directed.

The courts have consistently held that whether a particular site is defective, unsafe, or dangerous, thereby removing governmental immunity, is a question of fact. *Coln v. City of Savannah*, ____ S.W. ____ (Tenn. 1998); *Helton v. Knox County*, 922 S.W.2d 877 (Tenn. 1996). And the factual determination involves the analysis specified in *Batts* above.

The trial judge found that the sidewalk where the plaintiff fell was not defective, unsafe, or dangerous. That finding comes to this court with a presumption of correctness. Rule 13(d), Tenn. R. Civ. Proc. We cannot find that the evidence preponderates against it.

### III.

In what may or may not be a trend, the more recent cases have assumed that more minor deviations in the surface of the sidewalk are dangerous and have focused on how comparative fault principles affect the duties of the respective

parties. *See Coln v. City of Savannah*, ____ S.W. ____ (Tenn. 1998);[2] *Broyles v. City of Knoxville*, No. 03A01-9505-CV-00166 (filed at Knoxville, Aug. 30, 1995). So, an argument could be made that the older cases we have cited have been nullified by the adoption of comparative fault. The Supreme Court decision in *Coln v. City of Savannah* based its decision entirely on an analysis of the city's duty (to do something) to protect pedestrians who might encounter a deviation of several inches in the sidewalk. One could assume that the courts should go through the duty analysis in each case, and if a duty is found, the premises are automatically dangerous for the purpose of removing the city's immunity.

Even if we did that analysis in this case, however, the plaintiff would still have to overcome the trial court's additional finding that the plaintiff's own negligence was more than fifty percent of the cause of her injuries. *See McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). That finding is also presumed to be correct under Rule 13(d), Tenn. R. Civ. Proc.

The factors to be considered in assessing the fault of each party are set out in *Eaton v. McLain*, 891 S.W.2d 587 (Tenn. 1994). They include but are not limited to

> (1)    the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff;
>
> (2)    the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or would have known of it;
>
> (3)    the extent to which the defendant failed to reasonably utilize an existing opportunity to avoid the injury to the plaintiff;
>
> (4)    the existence of a sudden emergency requiring a hasty decision;

---

[2]The deviation in elevation from the brick pavers to the sidewalk in *Coln v. City of Savannah* was three-eighths of an inch when the brick pavers were installed. By the time of the accident, however, the deviation was several inches greater.

(5)     the significance of what the party was attempting to accomplish by the conduct, such as to save another's life; and

(6)     the party's particular capacities, such as age, maturity, training, education, and so forth.

891 S.W.2d at 592.

When we consider these factors in light of the conditions under which the plaintiff fell -- in broad daylight (although overcast), a Sunday afternoon when the sidewalk was not crowded and the plaintiff's attention was not distracted, the fact that the defect was open and obvious – we cannot find that the evidence preponderates against the trial judge's finding. We arrive at this conclusion despite the proof that the hazard could have been easily remedied.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings that might become necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WALTER W. BUSSART, SPECIAL JUDGE