Christine Beltz, Respondent, *v.* The City of Yonkers, Appellant.

1. Municipal Corporations — Repair of Streets — Negligence. A municipal corporation must guard against such dangers in its streets as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care; but it is not chargeable with negligence in omitting to repair a defect in a street, so slight that no careful or prudent man would reasonably anticipate any danger from its existence.

2. Defect in Sidewalk — Accident — Exemption from Liability. A municipal corporation is not chargeable with negligence when an accident which, according to common experience was not likely to happen, happens to a traveler by reason of some slight defect in a street, from which danger was not reasonably to be anticipated — such, *e. g.*, as a depression in the middle of a flagged sidewalk, the depth of the thickness of the surrounding flagging, caused by the removal of a small broken piece of stone, and which had existed for several years without any accident resulting therefrom.

*Beltz* v. *City of Yonkers* (74 Hun, 73), reversed.

(Argued December 4, 1895;  decided December 19, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 11, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries sustained through the alleged negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*James M. Hunt* for appellant.   The complaint should have been dismissed because no proof was given from which the

jury were justified in finding that plaintiff was free from con-
tributory negligence, while plaintiff's own testimony shows
that she was herself guilty of contributory negligence.
(*Weston* v. *City of Troy*, 139 N. Y. 281; *Race* v. *U. F. Co.*,
138 N. Y. 644; *Dubois* v. *City of Kingston*, 102 N. Y. 219;
*Splittorf* v. *State*, 108 N. Y. 205.) The plaintiff's proof failed
to show any negligence in the defendant. (*Hubbell* v. *City
of Yonkers*, 104 N. Y. 434; *Hunt* v. *Mayor, etc.*, 109 N.
Y. 134; *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 15; *Clapper*
v. *Town of Waterford*, 131 N. Y. 382; *Craighead* v. *B. C.
R. R. Co.*, 123 N. Y. 391.) If plaintiff made out any cause
of action by her proof, she did not make out the cause of
action set forth in the complaint. (*Woolsey* v. *Village of
Ellenville*, 69 Hun, 489.) The charge that the city was
responsible if the defect in the sidewalk was such that a rea-
sonable man would say that a person using the sidewalk
"might," by any possibility, under any circumstances whatso-
ever, be injured, was erroneous. (*Hubbell* v. *City of Yonk-
ers*, 104 N. Y. 439.)

*John F. Brennan* for respondent. There was no contribu-
tory negligence. (*McGuire* v. *Spence*, 91 N. Y. 303; *Palmer*
v. *Dearing*, 93 N. Y. 11.) There was evidence which would
justify a jury in saying defendant was negligent. (*Clifford* v.
*Dam*, 81 N. Y. 52.) The charge of the court was fair and
in accordance with law. (*People* v. *Wilson*, 141 N. Y. 185.)

O'BRIEN, J. The plaintiff has recovered a judgment
against the defendant for the damages which she sustained in
consequence of an accident in one of the streets of the city on
the 10th of February, 1893. On the morning of that day,
while walking along Broadway, one of the principal streets
of the city, she fell and broke her leg. Whether this acci-
dent was in any degree the result of any fault on her part
was a question which was properly submitted to the jury, and
the verdict is conclusive against the defendant on that branch
of the case. The sole question involved is whether the evi-

dence was of such a character as to warrant a finding by the
jury of negligence on the part of the defendant.   There is
little, if any, conflict in the evidence on this point.   The
plaintiff was walking upon a sidewalk of stone flagging, eight
feet in width, constructed of two courses of flags four feet
wide.   At the point in this walk where the accident occurred,
and at the joint where two of the flags were united, the edges
of the stone were broken off and the broken parts removed.
This left an uncovered depression in the center of the walk
of the same depth as the thickness of the flags, which was
about two and a half inches.   The surface area of this depres-
sion was about two feet and two inches in length by seven
and a half inches in width.   This depression, being in the
center, there was, of course, an ample width of flagging on
either side.   So far as this depression extended the surface of
the walk was the earth in which the flags had been imbedded,
and it appears that in time of rains water would occasionally
accumulate in the center of the place.   It had existed in this
way for four years.   In describing the defect in the walk I
have adopted the testimony of the plaintiff, which is in some
slight particulars the most favorable to her, and upon which
it must be presumed the jury based the verdict.   The walk,
in this condition, had been used by the public for years, and
it appears that no accident had resulted from such use before.

The question is thus presented whether these facts are suffi-
cient to charge the defendant with the results of the accident
on the ground of negligence.   All we know with respect to
the manner in which it occurred is what the plaintiff herself
states : that she was walking along on the morning in question,
holding an umbrella over her head ; that she stepped into the
depression and fell upon the walk with the result already
described.   It is scarcely necessary to repeat here, what has
often been said before, that a city is not responsible for every
accident that may happen in its streets resulting in personal
injuries.   With the greatest vigilance and the utmost fore-
sight there will still be accidents for which no one, in any
legal sense, is to blame.   In many such cases, however, when

an accident does happen the human mind can see and suggest many ways by which it could have been avoided. In this case the jury had the right to assume that the authorities of the city, whose duty it was to keep the streets in repair, either knew or should have known of the condition of this walk at the point in question if it was such a defect as reasonable care would require them to notice. Of course a city cannot be required to keep streets in such condition as to insure the safety of travelers under all circumstances. The measure of its duty in this respect is reasonable care and it is liable only for neglect to perform this duty. There are very few, if any, streets or highways that are or can be kept so absolutely safe and perfect as to preclude the possibility of accidents, and whether in any case the municipality has done its duty must be determined by the situation and what men knew about it before and not after an accident. When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence but, still, an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law.

Assuming that the defendant's officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident or a similar one from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do so does not show or tend to show that they were negligent unless the defect was of such a character that a reasonably prudent man should anticipate some danger to travelers on the walk if not repaired. If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents

occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence. (*Hubbell* v. *Yonkers*, 104 N. Y. 434; *Hunt* v. *Mayor, etc.*, 109 N. Y. 134; *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 15; *Clapper* v. *Town of Waterford*, 131 N. Y. 382; *Craighead* v. *Brooklyn City R. R. Co.*, 123 N. Y. 391; *Lane* v. *Town of Hancock*, 142 N. Y. 510.)

The question as to the sufficiency of the evidence to charge the defendant with negligence was raised by motion to dismiss the complaint at the close of the plaintiff's case and for a nonsuit at the close of all the evidence, which motions were denied and exceptions taken. We think that the evidence was not sufficient to warrant the submission of the case to the jury and that the motion should have been granted.

The judgment must be reversed and a new trial granted, costs to abide the event.

All concur, except BARTLETT, J., dissenting.

Judgment reversed.