WALTON, Respondent, v. CHEESE-BROUGH, Appellant. (Supreme Court, Appellate Division, First Department. March 17, 1899.) Action by Francis T. Walton against Robert A. Cheesebrough. W. C. Camman, for appellant. M. Rapp, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WATERTOWN PAPER CO. v. PLACE. (Supreme Court, Appellate Division, First Department. April 21, 1899.) Action by the Watertown Paper Company against Josiah W. Place. No opinion. Motion granted, with $10 costs.

WEBER v. BROWN. (Supreme Court, Appellate Division, First Department. March 10, 1899.) Action by Henry J. Weber against Charles C. Brown. No opinion. Motion granted, with $10 costs.

WEIL, Appellant, v. MAYOR, ETC., OF CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, First Department. March 24, 1899.) Action by Caroline Weil against the mayor, etc., of the city of New York. L. Leo, for appellant. T. Connoly, for respondent. No opinion. Judgment affirmed, with costs, on the authority of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401.

In re WESTERFIELD et al. (Supreme Court, Appellate Division, Second Department. April 18, 1899.) Application by Mary J. Westerfield and another for an order directing the payment of certain moneys by William Shillaber, Jr., as trustee under the will of Jason Rogers, deceased. From an order directing the trustee to pay certain money in his hands distributable under the will, and belonging to Thomas Rogers, a former trustee, and apply them, together with such other sums as may be received from the estate, until such amounts snall have fully paid the sum directed to be paid by a decree of the surrogate's court of Westchester county, applicant appeals. Modified. Edward Winslow Paige, for appellant. Hamilton Wallis, for respondents.

PER CURIAM. The decree upon which the moneys are directed by the present order to be applied has been before this court upon a former appeal. The date of its entry was then stated to be the 16th day of March, 1897, but it is the same decree that was before considered. By its terms it was decreed that Stephen Cauldwell and Thomas Rogers, the then trustees of the estate, had in their hands, of the funds and property of the estate, $197,000. It further appeared before us on such appeal that Cauldwell had the sole possession and custody of the trust funds and property of the estate. It also appeared that, at the time of the entry of such decree, Cauldwell had misappropriated, of the funds of the estate, the sum of $20,000; and that thereafter, after the entry of said decree, he misappropriated, of the funds and property of the estate, about the sum of $180,000. In the disposition of such appeal, which involved the validity of such decree, we held that, as to the $20,000 which had then been misappropriated by Cauldwell, the decree was a conclusive binding adjudication upon Thomas Rogers, fixing his liability for such sum; and, in view of such fact, we ordered such decree opened so far as to permit Thomas Rogers to show, if he could, facts which would exonerate him from liability for such amount, and in all other respects we affirmed such decree. But we did not hold that such decree, as to the remainder, conclusively fastened liability upon Thomas Rogers for its amount. On the contrary, as Cauldwell was in the sole possession and custody of the funds and property of the estate, as determined by such decree, and as he thereafter misappropriated it, we held that Thomas Rogers might show that such misappropriation was without fault or negligence on his part, and thereby exonerate himself from the binding force of such decree. In re Westerfield, 32 App. Div. 324, 53 N. Y. Supp. 25. Such determination renders clear the fact that Thomas Rogers does not continue liable to pay from his funds or his portion of the estate the full amount of such decree, as our former decision serves to make plain. The learned surrogate seems also to have been of this mind, as appears from his opinion delivered upon this application. It is therefore plain that the order, so far as it directs application upon this decree, is erroneous; but it does not follow, however, that the moneys should not be applied upon Thomas Rogers' indebtedness to the estate. Under our former ruling, it is determined that Thomas Rogers was liable to the estate for the misapplication of its trust funds in at least the sum of $60,000, which sum he was required, by subsequent decree of the surrogate's court, to pay. And these moneys are properly applicable to the extent to which they will go, as well as all other sums which may be received by the present trustee, until such liability shall be fully paid and discharged. The order entered in this case does not conform to the opinion of the learned surrogate below, nor to the former judgment of this court. It should therefore be modified in accordance with this opinion. So far as the motion to resettle the former order of this court is concerned, it should be denied, as the order in its present form grants all the relief to which Thomas Rogers is entitled, and in no sense affects his right to show facts in exoneration of liability from the remaining portions of the decree. Nor is such decree binding upon him, except as we have already indicated. The order should be modified as above stated, and the motion to resettle denied.

WHALEN, Respondent, v. FITCHBURG R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 22, 1899.) Action by James J. Whalen against the Fitchburg Railroad Company. No opinion. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, to abide the event.