### CORSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—CHARACTER OF DEFECT—OTHER ACCIDENTS.

   Though a defect in an 18-foot sidewalk, consisting merely in a difference in the level of two sections of flagging extending across the middle 6 or 7 feet thereof, varying in depth from zero to 2¾ inches, was so slight that the city in the first instance might be justified in disregarding it, yet the occurrence of numerous accidents in consequence thereof would be sufficient to characterize it as dangerous, and require the city to repair it.

2. SAME—EVIDENCE.

   Where a defect in a city sidewalk was slight, and negligence of the city in failing to repair it could be predicated only on the fact that numerous accidents had occurred there, evidence of a witness, in answer to a question if he remembered how many people he had seen fall "there" before the accident in question, that he could not "tell how many; very often," was insufficient to show that other accidents had occurred by reason of the particular defect complained of.

Appeal from trial term, Kings county.

Action by Mary E. Corson against the city of New York. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

James McKeen, for appellant.
Henry A. Powell, for respondent.

WILLARD BARTLETT, J.   The plaintiff was injured by falling upon a sidewalk in the borough of Brooklyn.   The fall was occasioned by an inequality in the footway, caused by the difference in level of two pieces or sections of flagging.   The sidewalk at the place of the accident was 18 feet in width, and the inequality extended across the middle 6 or 7 feet, producing a depression the maximum depth of which, as appears by a measurement made by one of the plaintiff's witnesses, was 2¾ inches.   As indicated upon a photograph, with measurements attached, introduced in evidence by the plaintiff, the depth decreased to 1½ inches at the outer end of the depression and to zero at the inner end.   According to the testimony of the plaintiff, the accident occurred in consequence of the slipping of her heel on the edge of the higher piece of flagging.   She did not stub her toe or heel against this part of the walk, but the heel of the left foot was on the elevated portion, and slipped down into the sunken portion.   It is contended in behalf of the appellant that this case is not distinguishable in principle from Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401.   There the accident was caused by an uncovered depression in the center of a sidewalk 8 feet wide, which depression was 2½ inches deep, with a surface area about 2 feet and 2 inches in length by 7½ inches in width.   The court of appeals held, as matter of law, that the existence of such a defect in the sidewalk was not to be deemed evidence of negligence on the part of a city.   "When the defect is of such a character," said Judge O'Brien, "that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens, which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law." In another part of the opinion it is said:   "If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe within the rule; and when accidents occur the municipality must be treated practically as an insurer against accidents in its streets."   For these reasons a judgment in favor of the plaintiff was reversed, and a new trial granted.   There is very little difference between the character of the depression that caused the accident in the case at bar and that which caused the accident in the Beltz Case.   Here the depression occupied about a third of the width of the sidewalk, while there it occupied a little over one-fourth.   The depth of the depression here was only a quarter of an inch greater than that in the Beltz Case.   If no other element should be taken into consideration but the nature and extent of the defect in the sidewalk, I do not see

how we could well distinguish between the two cases. It is to be noted, however, that in the Beltz Case the court of appeals calls attention to the fact that the sidewalk, in the condition in which it was at the time of the injury, had been used by the public for years, and that it appeared that no accident had previously resulted from such use. If the contrary had been made to appear,—if it had been shown that the defect in the sidewalk which injured the plaintiff had previously been productive of similar injuries to many others,—would the same conclusion have been reached? In that event, could it have been held that the defect was so slight that no careful or prudent man would reasonably anticipate any danger from its existence? I think not. It seems to me that while, in the first instance, a defect might be disregarded by the municipality as insignificant so long as its existence had never harmed any one, the occurrence of numerous accidents in consequence thereof would suffice to characterize it as dangerous, and in course of time impose upon the city authorities the obligation to repair it, or the liability to be mulcted in damages for any further injuries which it might occasion.

The plaintiff in the present action attempted to show that the depression which caused her to stumble and fall had been productive of similar injuries to other persons; but, in my opinion, the proof on that subject does not suffice to show that other persons were caused to fall by the very defect in question here. The only witness who testified on the subject was asked whether he had seen any persons fall at that point prior to the time of Mrs. Corson's accident. To this question he answered "Yes." He was then asked: "Do you remember how many people you had seen fall there before the accident?" He answered: "I cannot tell how many; very often." It will be observed that the witness does not state that any of the persons whom he saw fall were caused to fall by the depression in the sidewalk. It seems to me that in so close a case as this definiteness and accuracy upon this point are essential, since it is the crucial point as to the city's liability. That such is the view taken by the court of appeals is apparent from the opinion in Fordham v. Gouverneur Village, 160 N. Y. 541, 549, 55 N. E. 290. There the plaintiff attempted to show by several witnesses that on the evening of the injury she had stumbled upon the planks where the plaintiff's intestate was hurt. The court of appeals, in declaring such evidence to be competent, limited its admissibility to the very plank upon which it was claimed that the plaintiff's intestate stumbled and fell. It may be that the plaintiff in the case at bar can furnish more definite evidence upon this point upon another trial. In the absence of such proof, I am of opinion that under the authority of the Beltz Case she cannot recover. It follows that the judgment should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted; costs to abide event. All concur.