IBBEKEN v. CITY OF NEW YORK (two cases).

(Supreme Court, Appellate Term.  June 22, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—REASONABLE CARE.

A municipal corporation is bound to guard only against such damages as can or ought to be anticipated in the exercise of reasonable prudence and care.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1612–1615.]

2. SAME.

A judgment against a municipal corporation for injuries from a defective sidewalk cannot be sustained where the defect was not of sufficient gravity to justify a careful and prudent man in reasonably anticipating danger from its existence, and it is not shown that the defect had existed long enough to reasonably charge the city with notice.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1612–1615.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Actions by Anthony G. Ibbeken against the city of New York, and Louise G. Ibbeken, an infant, etc., against the city of New York.  From judgments for the respective plaintiffs, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

John J. Delany (Royal E. T. Riggs, of counsel), for appellant.
Silverman & Bennett, for respondents.

SCOTT, P. J.  In my opinion, the defect in the sidewalk was not of sufficient gravity to justify a careful and prudent man in reasonably anticipating danger from its existence.  It is only against danger which can or ought to be thus anticipated that the municipality is bound to guard.  Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401; Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944.  Nor was it shown that the defect, such as it was, had existed long enough to reasonably charge the city with notice.

Judgments reversed and new trials granted, with costs to appellant to abide the event.  All concur.