Summers, J.
It is elementary law that a city is not an insurer against accidents to persons traveling upon its streets, but that respecting them it has fully discharged its duty to such persons when it maintains its streets in a reasonably safe condition for use in the usual mode by day and by night. However, in view of the many instances in which cities are held liable, it would not be surprising' if the taxpayer should prefer that the city be held to be an insurer, with liability subject to the usual conditions.
The right to use the streets, whether thoroughfares, extending out into the surrounding territory, or merely local or crossways, from one thoroughfare'to another, does not depend upon citizenship or residence in the city. The streets are for the use of the public. The duty to maintain them is governmental, and the liability of the city for damages for injuries resulting from negligence in the maintaining of .them, in" the absence of a statute imposing the liability, is questioned.
- That the streets are not maintained in a better condition is owing generally to a lack of funds and mulcting the city in damages for injuries occasioned by their condition does not tend to remove, but only to aggravate, the cause of it. In this state the law is as above stated, but frequently it is so misapplied that a municipality is subjected to a liability never contemplated.
It was never intended that a .city should be required to keep its streets as' smooth as the floor of a skating rink or in such condition that a trav *478 eler may safely use them without exercising’ his own senses, and yet not infrequently a city is held liable for an injury resulting from the slightest defect or obstruction. This is to make the city an insurer. The duty is to "make the streets, reasonably safe for travel in the ordinary modes, and the inquiry should be, not was there some defect or obstruction in the street, but, was the street, •in the condition it is proven to have been in, with the defect or obstruction, in a reasonably safe condition for travel in the ordinary modes at the time the accident happened, and was the accident the natural and probable result of the use of the street in that condition, and one that should have been foreseen by those charged with the duty of maintaining the street; and if there is evidence ■tending to show contributory negligence, when that is an issue, did The plaintiff exercise such care as a reasonable and prudent person would ordinarily, that is generally, exercise under the circumstances, and would the accident have happened if such care had been exercised.
The street on which the accident happened had been paved with asphalt, which was two and one-half inches thick upon a concrete base, and had been worn out and broken out in many places, and the wheels of vehicles as they would drop info these places wore them deeper, so that there were many holes in the street from one to four inches in depth, and some of them extending over three or four square feet of the surface. The street was much traveled, its condition was plainly apparent and was well known to the plaintiff. The accident happened on a windy day in March. ■The plaintiff was driving his two-year-old colt to *479 a strange wagon. The horse of a groceryman was taken sick and the plaintiff was induced to hitch his colt to the groceryman’s wagon and to drive about the city so that the groceryman’s clerk might take orders. They ha-d gone but a short distance when one of the front wheels ran into one of the holes or depressions in the street, causing the injury, as already stated. It is not necessary to consider whether the hole is the proximate cause of the injury' or whether the wind was an intervening cause, for we are of the opinion that the street was in a reasonably safe condition and that the accident or any accident, was not the natural or probable result of' using the street, and such as should have been foreseen.
The street had been for a long time in this condition, it was much traveled daily and no other accident had resulted from its use. Without stirring outside of the state house grounds like holes may be found in the walks.
In Beltz v. City of Yonkers, 148 N. Y., 67, the plaintiff, while walking on .the sidewalk along one of the principal streets of the city, fell and broke her leg. The sidewalk was constructed of two courses of stone flagging four feet in width. At a joint, where two of the flags came together, pieces had been broken off and removed, leaving a depression in the center of the walk two and one-half inches deep, two feet long and about seven and one-half inches in width. O’Brien, J., in the opinion says: “Assuming that the defendant’s officers were men of reasonable prudence and judgment, could they, in the reasonable exercise of these qualities, have anticipated this accident or a *480 similar one from the existence of this depression in the walk? They could undoubtedly have repaired it at very little expense, but the omission to do. so does not show or tend, to show that they ■were negligent unless the defect was of such a character that a reasonably prudent man should, anticipated some danger to travelers on the walk if not repaired. If the existence of such a defect is to be deemed evidence of negligence on the part of the city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The law does not prescribe a measure of duty so impossible of fulfillment or a rule of liability so. unjust and severe. It imposes upon municipal corporations the duty ■ of guarding against such dangers as can' or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence.”
And in Grant v. Town of Enfield, 11 N. Y. App. Div., 358, where the injury resulted from a hole, in oné of the highways, which was basin-like in shape, several feet in length, and only three. or four inches deep, the court reversed for error in denying a motion to non-suit. There are other cases cited in these reports. In Morgan v. City of Lewiston, 91 Me., 566, the facts were that the plaintiff was-injured by stumbling at the junction of two sidewalks at the intersection of two streets. *481 There was a difference of five or six inches in the grade of the two walks and the fall was • in the night-time. The court ruled as a matter of law that the sidewalks were in a reasonably safe condition.

The judgment of the circuit court is reversed and that the court of common pleas is affirmed.

Shauck, C. J., Price* Crew, Spear and Davis* JJ-, concur.