## INJURY FROM FALLING INTO HOLE IN THE STREET.

Common Pleas Court of Hamilton County.

MARY WUEST v. THE CITY OF CINCINNATI.

Decided, June, 1912.

*Municipal Corporations—Liability of, for Injury from Defect in Street—Question of, One for the Jury—Pleading—Trial.*

1. In an action for injuries due to a fall caused by a hole in the street, the question whether the hole was of sufficient size to constitute a dangerous defect, if it appears to be one as to which reasonably prudent men might disagree, will be left to the jury for determination under all the circumstances of the case.

2. The fact that the evidence indicates that the hole was large does not preclude recovery on the ground of contributory negligence, where it appears that at the time of the accident the hole was filled or partly filled with freshly fallen snow.

3. An averment in the answer that the plaintiff was injured through her own negligence and carelessness is not an averment of contributory negligence.

4. A court has inherent power to grant leave to file a reply at any stage of the proceedings, and where a case is tried on the theory that a reply has been filed traversing the allegations of the answer, judgment will be entered on the verdict as though a reply had been in fact filed before the verdict was returned.

*Dempsey & Nieberding,* for plaintiff.
*Coleman Avery,* Assistant City Solicitor, contra.

GORMAN, J.

On motion for new trial.

This is an action to recover damages against the city of Cincinnati for personal injuries—a broken leg—alleged to have been caused by the negligence of the city in permitting a street crossing at Hatmaker and Burns streets to be and continue out of repair and in a defective and dangerous condition. Plaintiff's injuries occurred on January 13, 1909. Upon a trial of the case a verdict was rendered for the plaintiff for $700. A motion for a new trial is now made upon all the grounds set out in the stat-

ute; and also a motion for a judgment notwithstanding the verdict, for three reasons: first, that the petition of the plaintiff does not state facts sufficient to constitute a cause of action; second, upon the pleadings, petition and amended answer the defendant is entitled to a judgment; third, upon the admitted facts of the case defendant is entitled to a judgment.

In the argument before the court, counsel for the city of Cincinnati appeared to rely wholly upon the motion for a judgment for the reasons stated.

The petition alleged and the evidence tended to show that the defect in the street where plaintiff was injured consisted of a hole at said crossing about five feet in length, one foot in width and about four inches in depth. The evidence tended to show that the hole had been there for five or six months prior to the time when plaintiff was injured. On the morning of the injury as plaintiff was crossing the street she fell or stepped into this hole, thereby breaking her leg. The evidence tended to show that there had been a fall of snow either that night or early that morning before the plaintiff attempted to cross and that this snow covered up the hole to an appreciable extent and tended to prevent the plaintiff from seeing it.

It is claimed under the rule laid down in *City of Dayton* v. *Glaser*, 76 O. S., 471; *Gibbs* v. *Village of Girard*, 14 C.C. (N. S.), 81; *Betz* v. *City of Yonkers*, 148 N. Y., 67; *Hamilton* v. *Buffalo*, 173 N. Y., 72, and other cases cited by counsel for defendant, that, as a matter of law, the size of the hole in the crossing of this street was not a dangerous defect.

The court is of the opinion that the question of whether or not a hole in the street is a dangerous defect, is one to be determined by the jury under all the circumstances of the case, unless the alleged defect is of such a slight character that reasonable and prudent men would not differ as to its being dangerous. If the dimensions of the hole are of such a character that reasonable men might reasonably differ as to whether or not it was a dangerous defect, then it is a question for the jury and not for the court to determine whether or not the defect was dangerous.

Furthermore, in this case it is claimed that if the hole was of the dimensions claimed by the plaintiff, then it was an obvi-

ous defect which she failed to avoid, and therefore she was guilty of contributory negligence which precludes a recovery. The evidence as stated tends to show that the hole was filled or partly filled with snow and that on the morning when plaintiff was injured the hole was not plainly obvious to one crossing the street at the time and place where the plaintiff was injured. It is also urged that because plaintiff had passed that crossing on many occasions prior to her injury, therefore she must have known of the existence of the hole and the presumption is that she knew of its existence. Her own testimony is that she did not know of the existence of the hole. The testimony of other witnesses offered for the plaintiff tended to show that the hole existed for five or six months prior to the date of plaintiff's injury.

If the evidence showed that the hole was plainly obvious even though plaintiff did not see it, then the court would be disposed to hold that she was guilty of contributory negligence in failing to avoid an obvious danger, and could not recover.

The court is of the opinion that the motion for a judgment should not be granted upon the ground that the pleadings and the facts show that the plaintiff had no cause of action. We think that the question of whether or not the hole was a dangerous defect in the street in view of the testimony showing its size and the allegations of the petition giving its dimensions was a question for the jury. It was also a question for the jury to determine under the evidence whether or not the hole was plainly obvious, in view of the plaintiff's own testimony that she did not see it, and the attending circumstances of the snow filling or partly filling the hole.

It is further urged that there was no reply filed to the defendant's answer charging plaintiff with contributory negligence, and that therefore on this ground the defendant is entitled to a judgment because the averments of contributory negligence are admitted in the absence of a reply traversing these averments.

The petition in this case was filed July 26, 1909, and an answer was filed August 11, 1909, in which no claim of contributory negligence was set up, but only the claim that the plaintiff was in-

jured by reason of her own negligence and carelessness.   This is not an averment of contributory negligence.

An amended answer was filed on June 5, 1911, almost two years after the answer, by leave of court, but counsel for the plaintiff stated on the trial of the case that they were unaware of the amended answer having been filed setting up contributory negligence.   The case proceeded to trial without any objection being made by counsel for defendant to a reply being filed to the defense of contributory negligence.   The plaintiff appeared to have been unaware of this defense and no objection was made by counsel for the defendant to the absence of a reply until the plaintiff closed her testimony and rested her case.   Thereupon the defendant moved the court for an instructed verdict or for a judgment upon the pleadings, and called the court's attention and the attention of counsel for plaintiff to the absence of a reply:   The court overruled the motion and at the same time upon the request of counsel for the plaintiff, granted leave to file a reply traversing the averments of the defendant's answer touching contributory negligence; to all of which counsel for defendant excepted.

It is now claimed that the court erred in giving leave to file a reply at the time it was filed, and that therefore the case should ·be now considered as though no reply had been filed.

The court is of the opinion that in the due administration of law and to the end that justice may prevail, the court has inherent power at any stage of the proceedings, to grant leave to the plaintiff to file a reply.   The defendant can not be prejudiced thereby because if new matter is set up in the reply, he may be granted an opportunity to meet the same by having the case continued to another day; but, if the reply is simply a denial of a substantive defense, then the defendant has not been prejudiced by the court's leave given to file a reply traversing the averments of such a defense.   Furthermore, it is provided in Section 11364, General Code, that:

"In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings, if it does not affect the substantial rights of the adverse party."

The case was heard and tried as though there had been a reply filed.    Under the circumstances the court is of the opinion that counsel for defendant waived its right to have a reply filed.    If it desired to preserve its rights it could have made a motion for a judgment on the pleadings before beginning the trial, or should have called the attention of the court to the fact that no reply had been filed.

In the case of *C., C., C. & St. L. Ry. Co.* v. *John McKelvey*, 12 C. C., 426, 429, it is held in the first paragraph of the syllabus:

"It is not reversible error for a court in a case where a reply ought to have been and was not filed to permit the filing of a reply after the testimony was substantially closed, and when testimony in rebuttal was being introduced by the other party, where the case had been tried previously without objection and as it would have been tried had a reply been filed before the trial commenced."

After leave was given to file a reply and the reply was filed, counsel for defendant did not ask leave to introduce any evidence, but rested upon the testimony offered on behalf of the plaintiff.    Under these circumstances the court is of the opinion that it would be a substantial denial of justice to the plaintiff to enter a judgment against her upon the pleadings on the ground that she had failed to file a reply, because this was a neglect of her counsel, for which she should not be punished.·

Furthermore, the court is of the opinion that defendant was not prejudiced by the failure to have the reply filed before the case went to trial, in the absence of the matter being brought to the attention of the court.    Presumably, counsel prepared to try the case upon the theory that the plaintiff was guilty of contributory negligence and that it would be incumbent upon it to establish that fact.    The defendant does not show that it was taken by surprise or prejudiced in any way by the failure of the plaintiff to traverse its averments in reference to the contributory negligence in question.    Therefore, the court is of the opinion that, as far as the motion for a judgment is concerned, it should be overruled because neither the pleadings nor the evidence warrant the court in saying as a matter of law that the plaintiff had no cause of action, or that the defect in the street

was not such a one as made the street reasonably unsafe for travel in the ordinary modes of travel.

The court is further of the opinion that the case was fairly tried and fairly submitted to the jury and the jury having found from the evidence that there was a dangerous defect in the street, and that the defendant had constructive notice thereof, and further that the plaintiff's injuries were not the result of slipping and falling by reason of the snow, the verdict in this case will be allowed to stand, and the motion for a new trial will be overruled as well as the motion for a judgment.