Wanámaker, J.
The sole, single question is— Did the trial court err by directing a verdict at the close of plaintiff’s side of the case and the circuit court likewise err in affirming the trial court’s judgment ?
It will be refreshing and instructive to look at some of the ancient landmarks of America as to trial by jury.-
Article VII of our federal constitution reads: “In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.”
Section 8 of Article VIII, Bill of Rights, Constitution of the state of Ohio, 1802, reads: “That the right of trial'by jury shall be inviolate.”
Section 5 of Article I, Bill of Rights, Constitution of 1851, reads: “The right of trial by jury shall be inviolate.”
Judge Ranney, in Work v. The State of Ohio, 2 Ohio St., 297, uses this language: “What, then, is this right-? It is nowhere defined or described in the constitution. It is spoken of as something already sufficiently understood, and referred to as a matter already familiar to the public mind. * * * The constitution furnishes no answer, nor was it necessary that'it should. If ages of un *39 interrupted use can give significance to language, the right of jury trial and the habeas corpus stand as representatives of ideas as certain and definite as any other in the whole range of legal learning.
“The institution of the jury referred to in our constitution, and its benefits secured to every person accused of crime, is precisely the same in every substantial respect as that recognized in the great charter and its benefits secured to the freemen of England, and again and again acknowledged in fundamental compácts as the great safeguard of life, liberty, and property; the same, brought to this continent by our forefathers, and perseveringly claimed as their birthright, in every contest with arbitrary power, and finally, an invasion of its privileges prominently assigned as one of the causes which was to justify them, in the eyes of mankind, in waging the contest which resulted in independence. Nor did their affection for it then diminish or cool. They made it a corner stone in erecting the state governments; and after the adoption of the federal constitution, without a provision securing it, they did not rest satisfied, until they had proposed and carried an amendment.”
Judge Ranney quotes with special favor the language of Blackstone, as follows: “Upon these accountsl the trial by jury ever has been, and I trust ever will be, looked upon as the glory of the English law. And if it has so great an advantage over others in regulating civil property, how much must that advantage be heightened- when it is applied to criminal cases.”
*40 Lest Judge Ranney’s view's upon the trial by jury be misapprehended because the foregoing case was a criminal one, we quote his views in Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 Ohio St., 644. In this case, a motion to direct a verdict, or for non-suit, was made and sustained and the questions involved were reviewed by the supreme court, Judge Ranney rendering the opinion: “The law of every case, in whatever form presented, belongs to the court; and it is not only the right of the judge, but his solemn duty, to decide and apply it. He must determine the_ legal requisites to the right of action, and the admissibility of the evidence offered to sustain it. When all the evidence offered by the plaintiff has been given, and a motion for a non-suit is interposed, a question of law is presented, whether the evidence before the jury tends to prove all the facts involved in the right of action and put in issue by the pleadings. In deciding this question, no finding of facts by the court is required, and no weighing of the evidence is permitted. All that the evidence in any degree tends to prove, must be received as fully proved; every fact that the evidence, and all reasonable inferences from it, conduces to establish, must be taken as fully established.
“The motion involves not only an admission of the truth of the evidence, but the existence of all the facts which the evidence conduces to prove. It thus, concedes to the plaintiff everything that the jury could possibly find in his favor, and leaves nothing but the question whether, as a matter of law, each fact indispensable to the right of *41 action has been supported by some evidence. . If it has, no matter how slight it may have been, the motion must be denied; because it is the right of the party to have the weight and sufficiency of his evidence passed upon by the jury—a right of which he can not be deprived, and involving an exercise of power for which, without his consent, the court is incompetent.”
On the same page, and in the same connection, Judge Ranney further says: “But where he has given no evidence to establish a fact, without which the law does not permit a recovery, he has nothing to submit to the jury; and the determination of the court, that the fact constitutes an essential element in the right of action, necessarily ends the case.”
The importance of this question will allow a further quotation from Judge Ranney’s very excellent opinion: “Our conclusions upon this subject cannot be better stated than in the clear and explicit language of one of the learned judges of the court below: ‘Wherever there is any evidence* however slight, tending to prove the facts essential to make out a case for the plaintiff, a non-suit cannot be properly ordered; it is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a prima facie case for the plaintiff, a non-suit cannot be properly ordered.’ ”
It is manifest that this doctrine is the one legally known as the scintilla rule. This opinion of Judge Ranney’s was reaffirmed- in- Dick v. Railroad Co., 38 Ohio St., 389. Syllabus: “A motion to arrest the testimony from the jury, and render *42 a judgment against the party on whom the burden of proof rests, involves an admission of all the facts which the evidence tends to prove, and presents only a question of law for the court; but if there is evidence tending to prove each material fact pht in issue, and indispensable to a recovery; it should be submitted to the jury under proper instructions
■ The same doctrine was announced and upheld by Judge Spear, in Cincinnati Street Ry. Co. v. Snell, 54 Ohio St., 197, citing the case of Ellis & Morton v. Ohio Life Ins. & Trust Co., 4 Ohio St., 627.
■ Judge Spear says: “The motion involved an admission of all the facts which the evidence in any degree tended to prove, and presented only a question of law, whether each fact indispensable to the right of' action, and put in issue by the pleadings, had been supported by some evidence. If "it had' been, no matter how slight the evidence; the motion should have been denied, because it was the right of the plaintiff to have the weight and sufficiency of his evidence passed upon by the jury. But if he had failed to give evidence tending-to establish any fact without which the law would not permit a recovery, he had nothing to submit to the jury, and a question of: law only remained. We are aware that this rule is much criticised, and plausible • arguments against its reasonableness have been adduced, but it has been followed uniformly, and should be applied until definitely overruled, or changed by legislation.”
In First National Bank v. Hayes & Sons, 64 Ohio St., 101, Judge Minshall, delivering the opinion of the- court, uses this language: “Thue *43 '.case was tried to a jury, and at the close of the evidence on both sides, the plaintiff -moved the ‘court to instruct the jury to return a verdict in .its favor, and the defendants made a like motion for a verdict in their favor. On consideration the .court instructed the jury to return a verdict for the defendants, to which the plaintiff excepted, .but did not request the court to submit the case to the jury for its determination on the evidence. ■The first question that arises is whether this was .error, though there may have been some evidence ■ tending to support the plaintiff’s case. If no .motion had been made by the plaintiff- and there ,was any evidence tending to support its cáse, it would- have had the undoubted right to have had the same -submitted to the jury, and it would have been error in the court to direct a verdict for the defendants. Of this there can be no question,”
Numerous other citations might be made from •both' supreme and circuit court cases, tracing the history and development and constant reaffirmance of this doctrine, but time and space forbid. We content ourselves merely with the brief statement that.we heartily reaffirm the doctrine.-'
To hold otherwise would not only commit but permit, in a multitude of cases, a sinister' árid indirect invasion and usurpátion of the right of trial by jury. A legislative act impairing it would be clearly unconstitutional. How, then, can a judicial order or judgment-thát indirectly but most effectually defeáts the right of trial by jury, be otherwise than an invasion arid violatiori of a ■party’s rights? The right is merely to have ■questions of fact determined in the first iristance *44 by a jury under proper instructions of the court appropriate to the issues and the evidence. If the jury shall err, the trial judge may thereafter correct the error^ and if he fail to correct it, the higher courts are 'still available. .
- We come now to examine the question as to whether or not there was. some evidence touching or tending to prove each and every material fact -necessary to entitle the plaintiff to recover.
The three grounds upon which the trial judge directed the verdict were as follows: First, that the •plaintiff by her own testimony has raised a presumption. of contributory negligence on her part; second; that the . testimony in this case fails to show any express or implied notice to this defendant of the condition of the sidewalk; third, that' the defect in the sidewalk as shown by the testimony is as a matter of law not such a defect that plaintiff' can recover, and that the court is authorized as a matter of law to say that the village was not negligent in permitting such a defect in the street..
A mere statement of these three questions of fact, the determination of which was squarely and directly taken away from the jury, shows the length to. which trial'courts may go under the guise of law in defeating the right of trial by jury. Ordinarily, the question of negligence, if not one of fact, is of mixed law and fact, and is a proper issue for the determination of the jury. If negligence raises a proper issue for the determination of the jury, certainly contributory negligence must likewise raise a proper issue for the determination of the jury. It will not do to say that the *45 negligence of the defendant was a question for the jury, but that the negligence of the plaintiff with respect to the same transaction, whether you call it contributory or not, was a question for the court. They both involve the question of want of ordinary care in the particular situation and both must be determined by substantially the same rules, of evidence.
In this particular case, however, the plaintiff is walking along in the usual and ordinary way on a perfectly ■ flat, smooth, flagstone sidewalk, when she comes to this point where there is a sudden and immediate two-inch drop. At this point, she testifies: “And I stepped on the walk it seems to me it was higher where my heel was and my toe went down low and when I stepped up my toe went in this place and it threw me this way and I struck on this hip and wrenched this ankle and limb.”
This was about 8:30 in the evening, in the month of August, 1909. The plaintiff was a comparative stranger to the town, and an entire stranger to this walk. The night was sufficiently dark and the arc light far enough removed so that the defect in the sidewalk was not discernible at the time to the plaintiff. Walking along in her usual way under these circumstances ■ she fell and was injured by reason of the condition of this walk.
How then can it be said as a matter of law that she was guilty of contributory negligence?
As to the second proposition, that there was no notice express or implied to the defendant of the condition of the sidewalk, the evidence showed *46 that the sidewalk had been practically in this condition for more than two years; that three or four other accidents, not so serious, however, but accidents, had occurred at this particular place. Can it be consistently' said that these facts furnish no evidence whatsoever as to constructive notice or implied notice to the defendant as to the condition of this walk? The statement of the question suggests its own proper answer.
Third, that the defect in the sidewalk, as shown by the testimony, is, as a matter of law, not such a defect that the plaintiff can recover. If the court may say, as a matter of law, that a two-inch defect is not a defect, it may say that a four-inch defect, or a six or ten-inch defect, .is not a defect upon which to predicate an action for negligence. For the purpose of this motion, the defect must be admitted, and it was a question for the jury to say whether or not the continuation of that defect, for two years or more, under all the circúmstances of the case, was or was not want of ordinary care upon the part of the village to keep its streets in a reasonably safe condition, and whether or not the village knew or ought to have known of that fact. The very fact that the defect was undisputed was some evidence tending, to show, negligence, which, together with all- the other facts and circumstances in the case, cer-' thinly furnishes an issue for the determination of. the jury.
1 True, many .cases can be cited, from other states. holding the contrary doctrine. .In some the-court has directed a verdict where there was a defect or *47 depression in streets or sidewalks of two' inches, .three inches, four inches, five inches, six inches, ■and even more, holding, in ■ such cases, that the defect was a matter of law, assuming, indeed, to make an exception in cases of negligence against municipalities and applying a different rule than .is applied in negligence' cases against private corporations. Obviously, this is not a mathematical question to be decided upon some mathematical or lineal standard; but, on the contrary, it is an ethical question. There is no reason why an exception should be made in favor of municipal corporations, the citizens and taxpayers of which are usually well represented on the jury and' always keen and anxious to protect the rights' of their own municipality.
Special attention has been invited to the Case of City of Dayton v. Glaser, 76 Ohio St., 471, as sustaining the doctrine in support of the judgments below. We approve the rule laid down in the syllabus, which is not at variance with any doctrine announced here; but, so far as the written opinion approves the doctrine laid down in Beltz v. City of Yonkers, 148 N. Y., 67; Grant v. Town of Enfield, 11 N. Y. App. Div., 358; and Morgan v. City of Lewiston, 91 Me., 566, the same is disapproved.
So long as the trial by jury is a part of' our system of jurisprudence its constitutional integrity .and importance should be. jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our constitutions.
*48 The judgments below are reversed and the cause is remanded to the court of common pleas for a new trial, and such other proceedings as are required by law.

Reversed.

' Johnson, Donahue, Newman and Wilkin, JJ-, concur.