SARAH HART, Respondent, *v.* NORTHERN UNION GAS COMPANY, Appellant.
HENRY HART, Respondent, *v.* NORTHERN UNION GAS COMPANY, Appellant.

First Department, March 1, 1929.

*Chauncey B. Garver* of counsel [*Shearman & Sterling*, attorneys], for the appellant.

*Otho S. Bowling* of counsel [*Robert H. Elder*, attorney], for the respondents.

FINCH, J. From judgments in favor of the plaintiffs, entered upon the verdicts of a jury, defendant appeals. The judgments appealed from should be reversed and the complaints dismissed as the defendant was not negligent as a matter of law and likewise plaintiff Sarah Hart was guilty of contributory negligence.

The actions were brought by a wife and husband for damages for personal injuries and loss of services, respectively, arising out of an accident alleged to have been due to the negligence of the defendant gas company in placing lengths of gas pipe alongside the sidewalk curb upon a rough, irregular street surface, so that the weight of a human body could move the pipes. They were placed several weeks prior to the accident pursuant to a permit to open the street and lay a gas main. The plaintiff Sarah Hart, was standing twenty feet north of the regular crossing, which was unobstructed. Being in a hurry to board a street car, said plaintiff, with a child under her arm, attempted to cut across the gas pipes instead of proceeding to the regular crosswalk and from there to the street car. The pipes were circular and the plaintiff weighed approximately 190 pounds. It also appears from the evidence that if a person stood with one foot on the curb and exerted slight pressure against the pipe with the other foot, the pipe would move two or three inches. Assuming that the circular pipe would move two or three inches from the curb when pressure was exerted, there appears no reason why the defendant should have anticipated that an adult person would attempt to step upon a circular pipe when this danger could have been avoided by simply proceeding twenty feet to the regular crossing. Upon this record it is impossible to see how the defendant could be said to have been negligent in placing the pipe against this curb as against an adult using the sidewalk with an unobstructed crossing only twenty feet away. In this connection apposite are the words of Mr. Justice WOODWARD, speaking for the court in *Derby* v. *Degnon-McLean Contracting Co.* (112 App. Div. 324, 327; affd., 188 N. Y. 631): " If this obstruction had been in the sidewalk or in the crosswalk, and the place had been dark, we should agree that it was a question for the jury to determine whether the defendant had exercised reasonable care; but the obstruction being out of the line of foot travel, and the way being light, we cannot see that the case is one for the jury."

Furthermore, the plaintiff Sarah Hart was guilty of contributory negligence as a matter of law in that in broad daylight she stepped upon a circular pipe for her own convenience, when it was not necessary to assume this danger if she had only been willing to take the seven or eight steps necessary to cross at the regular crossing. It is obvious that a circular pipe lying upon the ground will roll easily when stepped upon. Appropriate are the words of Judge HAIGHT, speaking for the court, in *Whalen* v. *Citizens' Gas Light Co.* (151 N. Y. 70, 74): " At the conclusion of the case the court was asked to charge that if the plaintiff saw the obstruction, and voluntarily and unnecessarily attempted to pass on the outside by stepping over the stone instead of inside where a safe passage was left, she cannot be regarded as having exercised ordinary prudence and she did so at her own risk. The sidewalk at this place was upwards of eighteen feet wide. The unobstructed space between the two openings in the walk was at least five feet. There was no difficulty in the plaintiff's passing through this unobstructed space without injury. If she saw the obstruction and voluntarily stepped upon it, or attempted to pass over it, and in doing so fell, we fail to see why she did not assume the risk. It is perfectly evident that the passing over the stone was unnecessary, and that it required but a step or two to one side in order to have the walk entirely unobstructed."

The judgments appealed from should be reversed, with costs, and the complaints dismissed, with costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

On each appeal: Judgment reversed, with costs, and complaint dismissed, with costs.